UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIFEN USA, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-22-200-G |
| | ) |
| BRIGGS BROTHERS ENTERPRISES | ) |
| CORPORATION, and | ) |
| RLI INSURANCE COMPANY, | ) |
| | ) |
|     Defendants. | ) |

## ORDER

Now before the Court is a Motion to Dismiss (Doc. No. 16), filed by Defendant RLI Insurance Company ("RLI"). RLI adopts and incorporates the Motion to Dismiss (Doc. No. 13), filed by Defendant Briggs Brothers Enterprises Corporation ("Briggs"), and seeks dismissal of this action under Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure. Plaintiff Brifen USA Inc. ("Brifen") has responded in opposition (Doc. No. 20). Having reviewed the parties' submissions, the Court makes its determination.

I.    BACKGROUND

Brifen is an Oklahoma corporation with its principal place of business in Oklahoma City, Oklahoma. Compl. (Doc. No. 1) ¶ 1. Briggs is a Georgia corporation with its principal place of business in Atlanta, Georgia. *Id.* ¶ 2. RLI is an Illinois insurance company with its principal place of business in Illinois. *Id.* ¶ 3.

In 2021, Brifen and Briggs entered into a contractual relationship, requiring, among other things, that Brifen would sell goods and materials to Briggs. *Id.* ¶ 6. The goods sold

were to be used in connection with the construction of a wire rope barrier system in Georgia pursuant to a contract between Briggs and the Georgia Department of Transportation (the "GDOT Project"). *See id.* ¶ 7. In connection with the GDOT Project, Defendant RLI issued a bond to assure payment to materialman suppliers, including Brifen. *Id.* ¶ 8. Brifen alleges that it "performed all aspects of its obligations under both contracts including supplying all materials, which on information and belief ha[ve] been used in or installed on the GDOT Project" and states that "Briggs has failed and refused to pay any portion of the contract price." *Id.* ¶¶ 10-11.

Brifen initiated the instant diversity action on March 10, 2022, bringing claims of breach of contract and unjust enrichment against Briggs and seeking foreclosure of the bond provided by RLI. *See id.* ¶¶ 14-17. RLI now seeks dismissal of this action under Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure. *See* Def.'s Mot. (Doc. No. 16) at 1-6.

II.   STANDARDS GOVERNING PERSONAL JURISDICTION

Citing Rule 12(b)(2), RLI contends that it is not subject to personal jurisdiction in this Court. When the Court's jurisdiction over a defendant is contested, the plaintiff bears the burden of proving that personal jurisdiction exists. *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995); *Benton v. Cameco Corp.*, 375 F.3d 1070, 1074 (10th Cir. 2004). In the preliminary stages of litigation, however, "the plaintiff's burden is light." *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008). Where, as here, a court considers a pretrial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, "the plaintiff need only make a prima facie

showing of personal jurisdiction to defeat the motion." *Id.* at 1056-57 (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998)).  For purposes of the plaintiff's prima facie case, the allegations in the complaint are accepted as true to the extent they are uncontroverted by the defendant's affidavits.  *Shrader v. Biddinger*, 633 F.3d 1235, 1248 (10th Cir. 2011).  "If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party."  *Wenz*, 55 F.3d at 1505 (internal quotation marks omitted).

To establish personal jurisdiction over a nonresident in a diversity action, a plaintiff "must demonstrate that jurisdiction is proper under the laws of the forum state—in this case Oklahoma—and that the exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment."  *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020).  Oklahoma has enacted a "long-arm" statute that authorizes its courts to exercise jurisdiction to the maximum extent permitted by the Constitution.  *See id.* at 1228-29; Okla. Stat. tit. 12, § 2004(F).  As relevant here, the Court's inquiry is reduced to a single question: whether the Court's exercise of jurisdiction over Defendant RLI is consistent with constitutional due process.  *See id.* at 1229; *Shrader*, 633 F.3d at 1239.

The due process standard requires that the defendant "purposefully established minimum contacts within the forum state" and that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice."  *Dental Dynamics*, 946 F.3d at 1229 (internal quotation marks omitted).  The "minimum contacts" standard may be

3

satisfied by showing that the court could maintain either general or specific jurisdiction over the defendant. *See OMI Holdings, Inc.*, 149 F.3d at 1090-91.

Brifen asserts that this Court can exercise general jurisdiction over RLI. *See* Pl.'s Resp. (Doc. No. 20) at 5-8. A finding that general personal jurisdiction lies is appropriate when the defendant's "affiliations with the State are so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). General personal jurisdiction is "all-purpose," meaning that a court in the forum state may hear any claims against a defendant over whom general personal jurisdiction exists. *See id.*; *see also Am. Fid. Assur. Co. v. Bank of N.Y. Mellon*, 810 F.3d 1234, 1238 (10th Cir. 2016) (quoting *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414 n.9 (1984)) ("A court exercises general jurisdiction when it asserts personal jurisdiction 'over a defendant in a suit not arising out of or related to the defendant's contacts with the forum.'" (emphasis omitted)). "Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts." *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017) (internal quotation marks omitted).

III.   RLI'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

RLI argues that this Court lacks personal jurisdiction over RLI because it is an Illinois entity with no contacts with the State of Oklahoma relating to this case. *See* Def.'s

Mot. at 2-3. In its Response, Brifen makes the following assertions regarding RLI's activities in Oklahoma:

1. RLI is licensed to do business in the State of Oklahoma. Pl.'s Resp. at 7 (citing Pl.'s Resp. Ex 1 (Doc. No. 20-1)).

2. RLI sells accident and health, casualty, marine, property, and workers' compensation lines of insurance in Oklahoma. *Id.* at 7-8.

3. RLI is licensed to issue bonds in Oklahoma, except for bail bonds. *Id.* at 8.

4. RLI has agents and representatives in the State of Oklahoma who solicit business. *Id.* (citing Pl.'s Resp. Ex. 2 (Doc. No. 20-2).

5. RLI's website lists insurance agents and representatives issuing bonds in the State of Oklahoma. *Id.*

Brifen argues that while it is not clear whether RLI sends agents into Oklahoma on a regular basis to solicit business or what volume of RLI's business is done in Oklahoma, RLI "purposefully, systematically, and continuously does business in Oklahoma with Oklahoma residents." *Id.* Therefore, RLI contends, this Court has general jurisdiction over RLI in compliance with the constitutional requirements of due process. *See id.*

"With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (alteration, omission, and internal quotation marks). Accordingly, RLI would indisputably be subject to general personal jurisdiction in Illinois. *See* Compl. ¶ 3. But the Supreme Court has held that it is "unacceptably grasping" to "approve the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business." *Daimler AG*, 571 U.S. at 138 (internal quotation marks omitted). As previously noted, "the inquiry under *Goodyear* is not

5

whether a foreign corporation's in-forum contacts can be said to be *in some sense* 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum State.'" *Id.* at 138-39 (emphasis added) (alteration omitted) (quoting *Goodyear Dunlop Tires Operations*, 564 U.S. at 919).

The fact that RLI is licensed to do business in Oklahoma and conducts some undetermined level of business in Oklahoma is not sufficient to establish that RLI is so engaged in activity in Oklahoma as to render it essentially at home in Oklahoma. *See Satterfield v. Gov't Emps. Ins. Co.*, 287 F. Supp. 3d 1285, 1297-98 (W.D. Okla. 2018) (holding that the plaintiff had not shown that an insurance company who was licensed to do business in Oklahoma and operated in Oklahoma was subject to general personal jurisdiction in Oklahoma); *Allen v. Worldwide Flight Servs., Inc.*, No. CIV-20-971-SLP, 2021 WL 1821718, at *3-4 (W.D. Okla. Jan. 12, 2021) (same). Because Brifen has not made a prima facie showing that general or specific personal jurisdiction may be exercised

over RLI, the Court finds that it lacks personal jurisdiction over RLI, and dismissal is required.[1]

## CONCLUSION

For the reasons explained above, Defendant RLI's Motion to Dismiss (Doc. No. 16) is GRANTED. All claims against Defendant RLI are dismissed without prejudice pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 29th day of March, 2024.

_____
CHARLES B. GOODWIN
United States District Judge

---

[1] Accordingly, the Court need not reach the alternative arguments raised by RLI pursuant to Federal Rule of Civil Procedure 12(b)(3).