UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIFEN USA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-22-200-G |
| ) | |
| BRIGGS BROTHERS ENTERPRISES ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is Plaintiff Brifen USA, Inc.'s Motion for New Trial (Doc. No. 43). RLI Insurance Company ("RLI") has submitted a response (Doc. No. 49), and Plaintiff has filed a Reply (Doc. No. 53).

The Court previously entered an Order (Doc. No. 16) granting RLI's Motion to Dismiss, which sought dismissal of the claims against RLI for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. *See* Order of March 29, 2024 (Doc. No. 16). Consequently, all claims against RLI were dismissed without prejudice on March 29, 2024. *See id.* at 7. Plaintiff now requests "that this Court grant [Plaintiff] a new trial on RLI's Motion to Dismiss for lack of personal jurisdiction and find that the Court has personal jurisdiction over RLI." Pl.'s Mot. (Doc. No. 43) at 13. Alternatively, Plaintiff asks that the Court "allow limited jurisdictional discovery regarding

RLI's contacts with the state of Oklahoma before ruling on this Motion for a New Trial." *Id.* The Court considers Plaintiff's requests below.

### I. Plaintiff's Request for New Trial

The Court construes Plaintiff's request for a new trial on RLI's Motion to Dismiss as a request for the Court to reconsider its prior ruling granting that Motion. The Court has discretion to reconsider a prior interlocutory ruling. *See* Fed. R. Civ. P. 54(b) (recognizing that any order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"); *see also Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007). "For guidance, the court may look to the standard used to review a motion made pursuant to Federal Rule of Civil Procedure 59(e)." *Ankeney v. Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013). "Grounds for granting a motion to reconsider pursuant to Rule 59(e) include: '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Id.* (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

In the instant Motion, Plaintiff does not argue that there has been an intervening change in the controlling law or that there is new evidence that was previously unavailable. Further, Plaintiff does not explicitly state that reconsideration is necessary to correct clear error or prevent manifest injustice. Plaintiff instead re-urges the argument previously made in its Response to RLI's Motion to Dismiss—that RLI has continuous and systematic

2

contacts with Oklahoma, rendering RLI at home in the forum state for the purposes of general jurisdiction.[1]  *See* Pl.'s Mot. at 3-13; Pl.'s Resp. (Doc. No. 20) at 5-8.

"[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law"; it is not a proper vehicle "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012; *see also Ohio Cas. Ins. Co. v. Cloud Nine, LLC*, No. 1:05-CV-88, 2007 WL 45823, at *1 (D. Utah Jan. 4, 2007) ("Courts routinely deny Rule 59(e) motions in which the movant . . . attempts to re-argue more persuasively issues already presented to and addressed by the Court. . . .").

As the Court explained in its prior Order, "[w]ith respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (alteration, omission, and internal quotation marks omitted).  Accordingly, RLI would indisputably be subject to general personal jurisdiction in Illinois.  *See* Compl. ¶ 3.  But the Supreme Court has held that it is "unacceptably grasping" to "approve the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business." *Daimler AG*, 571 U.S. at 138 (internal quotation marks omitted).  Therefore, the fact that RLI is licensed to do business in Oklahoma and conducts some undetermined level of business in Oklahoma is not sufficient to establish that RLI is so engaged in activity

---

[1] Plaintiff's contention that this Court has personal jurisdiction over RLI is based solely on general personal jurisdiction, not specific personal jurisdiction.  *See* Pl.'s Mot. at 4 ("Although the bond was not issued for an Oklahoma project, RLI's continuous and systematic activities in the state of Oklahoma are of the nature and quality that would subject it to the general personal jurisdiction in Oklahoma.").

3

in Oklahoma as to render it essentially at home in Oklahoma. *See Satterfield v. Gov't Emps. Ins. Co.*, 287 F. Supp. 3d 1285, 1297-98 (W.D. Okla. 2018) (holding that the plaintiff had not shown that an insurance company who was licensed to do business in Oklahoma and operated in Oklahoma was subject to general personal jurisdiction in Oklahoma); *Allen v. Worldwide Flight Servs., Inc.*, No. CIV-20-971-SLP, 2021 WL 1821718, at *3-4 (W.D. Okla. Jan. 12, 2021) (same).

Based on the information available in the record and the parties' arguments, the Court remains convinced that it lacks general personal jurisdiction over RLI. Having reviewed Plaintiff's contentions in detail, the Court finds no clear error or manifest injustice requiring reconsideration of its previous ruling.

II.   *Plaintiff's Request for Jurisdictional Discovery*

Plaintiff alternatively requests that it be allowed to conduct jurisdictional discovery before the Court rules on the instant Motion. *See* Pl.'s Mot. at 13. Plaintiff argues that "[w]ithout jurisdictional discovery, [Plaintiff] is limited to the publicly available information it can ascertain" regarding RLI's contacts with Oklahoma. *See id.* at 9.

"When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1298 (10th Cir. 2004) (internal quotation marks and brackets omitted). "'[T]he burden of demonstrating a legal entitlement to jurisdictional discovery—and the related prejudice flowing from the discovery's denial—[is] on the party seeking the discovery,'" however. *Magnesium Mach., LLC v. Terves LLC*, No. CIV-21-1115-PRW, 2022 WL 16641839, at *6 (W.D. Okla. Nov. 2, 2022) (brackets in original)

4

(quoting *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1190 n.11 (10th Cir. 2010)).  Further, the trial court is vested with broad discretion in determining whether to grant jurisdictional discovery.  *See Bell Helicopter Textron, Inc.*, 385 F.3d at 1298 (internal quotation marks and brackets omitted).

Here, Plaintiff did not request jurisdictional discovery regarding RLI's contacts with Oklahoma until after the Court granted RLI's motion to dismiss for lack of personal jurisdiction.  A motion for reconsideration is not a proper vehicle to advance arguments that could have been raised in prior briefing.  *See Servants of the Paraclete*, 204 F.3d at 1012.  The Court would therefore deny Plaintiff's request for untimeliness alone.

Further, as explained in the previous section, Plaintiff has produced no information, beyond the fact that RLI does some business in the state, supporting that RLI may be subject to general personal jurisdiction in Oklahoma.  Accordingly, the Court finds that Plaintiff has not carried its burden of "demonstrating a legal entitlement to jurisdictional discovery and the related prejudice flowing from the discovery's denial."  *Magnesium Mach., LLC*, 2022 WL 16641839, at *6 (internal quotation marks omitted); *see also Bell Helicopter Textron, Inc.*, 385 F.3d at 1299 (holding that the district court did not abuse its discretion when denying jurisdictional discovery "given the very low probability that the lack of discovery affected the outcome of [the] case").  Plaintiff's request for jurisdictional discovery regarding RLI's contacts with Oklahoma is therefore denied.

## CONCLUSION

For the reasons explained above, Plaintiff Brifen USA, Inc.'s Motion for New Trial (Doc. No. 43) is DENIED.

IT IS SO ORDERED this 11th day of July, 2024.

_____
CHARLES B. GOODWIN
United States District Judge