UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIFEN USA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-200-G |
| | ) |
| BRIGGS BROTHERS ENTERPRISES CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On December 9, 2024, upon permitting Defendant Briggs Brothers Enterprises Corporation's remaining attorney to withdraw from this matter, this Court ordered Defendant to "obtain new counsel and file the entry of appearance for its new counsel" "no later than December 23, 2024." Order of Dec. 9, 2024 (Doc. No. 68) at 1-2. This followed an earlier Order that contained the same instruction. *See* Order of Nov. 5, 2024 (Doc. No. 61).

As referenced in the Court's Orders, Defendant's acquisition of representation is required because "parties who are not natural persons may not appear pro se." LCvR 17.1; *accord Riviera Drilling & Expl. Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 91-92 (10th Cir. 2011); *U.S. Dep't of Lab. v. Mr. Cao's LLC*, No. 22-1165, 2024 WL 3567341, at *3 (D. Kan. Mar. 1, 2024).

Because Defendant, as of January 6, 2025, had "not complied with this Court's directive or sought additional time to do so," the Court ordered Defendant, no later than January 20, 2025, to "show cause in writing . . . for its failure to comply with the Court's

Orders." Order to Show Cause of Jan. 6, 2024 (Doc. No. 70) at 1. This Order expressly advised: "[a]bsent a showing of good cause, Defendant may be subject to sanctions, the entry of default, or other further action as required." *Id.*

As of this date, Defendant has not obtained new counsel, shown cause for its failure to do so, or otherwise been in contact with the Court regarding this action.

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "The fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so." *Mr. Cao's*, 2024 WL 3567341, at *4 (alteration and internal quotation marks omitted).[1] "A judge's decision about whether he or she should perform the ministerial function of entering default . . . is vested within the judge's sound discretion." *Id.* (internal quotation marks omitted); *accord* 10A *Federal Practice and Procedure (Wright and Miller)* § 2682 (4th ed.).

The Court finds and concludes as follows: Over four months ago, Defendant was put on notice that it must retain counsel to appear in this Court. Additionally, the Court has notified Defendant that Defendant's continued inaction with regard to obtaining counsel and failure to comply with the Court's Orders could result in the entry of default. Despite numerous opportunities and specific instruction, Defendant has not secured

---

[1] *See also Mr. Cao's*, 2024 WL 3567341, at *5 n.4 (collecting cases); *Hill v. CACH, LLC*, 17-cv-06102, 2017 WL 3705499, at *3 (W.D.N.Y. Aug. 28, 2017) ("[E]ntry of default is warranted, notwithstanding [the plaintiff's] failure to move for such relief.").

2

representation and has not shown good cause for its failure to comply with the Court's Orders.[2] Additionally, Defendant has entirely failed to defend itself against Plaintiff Brifen USA, Inc.'s motion for summary judgment or to file pretrial submissions evincing readiness to go to trial as scheduled. This failure to participate or defend itself in this lawsuit has immobilized the matter as well as imposed indefinite delay and uncertainty with regard to Plaintiff's rights.

Therefore, as shown by the case record, Defendant "has failed to . . . otherwise defend" itself against Plaintiff's claims, that failure has been "shown by affidavit or otherwise," and Defendant is in default. Fed. R. Civ. P. 55(a); *see Mr. Cao's*, 2024 WL 3567341, at *5; 10A *Federal Practice and Procedure (Wright and Miller)*, *supra*, § 2682 ("[A]n appearance does not immunize a defending party from being in default."); *GreenTree Transp. Co. v. Speedy Heavy Hauling, Inc.*, No. 10-cv-02657, 2011 WL 5834746, at *6 (D. Colo. Sept. 19, 2011) (R. & R.), *adopted in relevant part*, 2011 WL 5834714 (D. Colo. Nov. 17, 2011).

## CONCLUSION

The Clerk of Court is DIRECTED to enter default against Defendant Briggs Brothers Enterprises Corporation on the claims of Plaintiff Brifen USA, Inc.

---

[2] The Court alternatively would be permitted, upon the requisite consideration of certain factors pertaining to fairness, to enter a default judgment against Defendant as a sanction for "fail[ing] to obey a . . . pretrial order." Fed. R. Civ. P. 16(f)(1)(C); *see Derma Pen, LLC v. 4EverYoung Ltd.*, 736 F. App'x 741, 745-46 (10th Cir. 2018) (citing Rules 16(f) and 37(b)(2)(C) in noting that "a party's repeated failure to hire counsel can be enough to warrant default judgment").

Plaintiff's Motion for Summary Judgment (Doc. No. 62) is DENIED AS MOOT. Plaintiff may seek further relief on its claims as allowed under the Federal Rules of Civil Procedure.

All previously imposed deadlines are hereby STRICKEN, and this matter is STRICKEN from the Court's April 2025 civil jury trial docket.

IT IS SO ORDERED this 21st day of March, 2025.

_____
CHARLES B. GOODWIN
United States District Judge