## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIFEN USA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-22-200-G |
| | ) |
| BRIGGS BROTHERS ENTERPRISES | ) |
| CORPORATION et al., | ) |
| | ) |
| Defendants. | ) |

## <u>ORDER</u>

Now before the Court is a Motion to Vacate (Doc. No. 88) filed by Plaintiff Brifen USA, Inc.  Defendant RLI Insurance Company ("RLI") has responded (Doc. No. 90), and Plaintiff has replied (Doc. No. 91).

### I.    *Background*

Plaintiff initiated this diversity action on March 10, 2022, bringing claims against RLI and Defendant Briggs Brothers Enterprises Corporation ("Briggs").  *See* Compl. (Doc. No. 1).  RLI moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(2), arguing in relevant part that RLI is not subject to personal jurisdiction in this Court.  *See* Doc. No. 16.  On March 29, 2024, the Court granted RLI's motion and dismissed all claims against RLI without prejudice pursuant to Rule 12(b)(2).  *See Brifen USA, Inc. v. Briggs Bros. Enters. Corp.*, No. CIV-22-200-G, 2024 WL 1363520, at *3 (W.D. Okla. Mar. 29, 2024).

Plaintiff then filed a Motion for New Trial (Doc. No. 43), requesting that the Court "grant Plaintiff a new trial on RLI's Motion to Dismiss for lack of personal jurisdiction and

find that the Court has personal jurisdiction over RLI." *Brifen USA, Inc. v. Briggs Bros. Enters. Corp.*, No. CIV-22-200-G, 2024 WL 3378956, at *1 (W.D. Okla. July 11, 2024) (internal quotation marks omitted). Alternatively, Plaintiff asked the Court to "allow limited jurisdictional discovery regarding RLI's contacts with the state of Oklahoma before ruling on [the] Motion for New Trial." *Id.* (internal quotation marks omitted). The Court considered and denied both requests, *see id.* at *1-3.

## II.   Relevant Standards

Pursuant to Federal Rule of Civil Procedure 54(b), the Court has discretion to reconsider its prior order granting RLI's motion to dismiss. *See* Fed. R. Civ. P. 54(b) (recognizing that any order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"); *see also Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007). When considering a party's motion to invoke the Court's "general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment" under Rule 54(b), the Court "is not bound by the strict standards for altering or amending a judgment encompassed in Federal Rules of Civil Procedure 59(e) and 60(b)." *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008) (internal quotation marks omitted); *see also Spring Creek Expl. & Prod. Co. v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1023-24 (10th Cir. 2018). It has been held by district courts that reconsideration of a nonfinal order should be granted "as justice requires." *Rodeman v.*

2

*Foster*, 767 F. Supp. 2d 1176, 1188 (D. Colo. 2011); *accord Mahoney v. U.S. Capitol Police Bd.*, 566 F. Supp. 3d 22, 25 (D.D.C. 2022).

"For guidance" in applying Rule 54(b), however, "the court may look to the standard used to review a motion made pursuant to Federal Rule of Civil Procedure 59(e)." *Ankeney v. Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013). Rule 59(e) "gives a district court the chance to rectify its own mistakes in the period immediately following its decision. In keeping with that corrective function, federal courts generally have used Rule 59(e) only to reconsider matters properly encompassed in a decision on the merits." *Banister v. Davis*, 590 U.S. 504, 508 (2020) (alterations, citation, and internal quotation marks omitted). Accordingly, "[a] motion for reconsideration under Rule 59(e) is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Christ Ctr. of Divine Phil., Inc. v. Elam*, 763 F. App'x 740, 743 (10th Cir. 2019) (internal quotation marks omitted). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

III.    *Plaintiff's Motion to Vacate*

Citing Federal Rules of Civil Procedure 54(b), Plaintiff's Motion to Vacate now again seeks to undo the Court's March 29, 2024 dismissal of RLI (the "Dismissal Order").

*See* Pl.'s Mot. to Vacate at 5-7.[1]  Specifically, Plaintiff requests that the Court vacate the Dismissal Order and "in lieu thereof transfer[] [Plaintiff's] claims against RLI to the United States District Court for the Central District of Illinois." *Id.* at 7.

In support, Plaintiff argues that vacatur and transfer of its claims against RLI "'is in the interest of justice'" because Plaintiff's efforts to pursue its legal claims have been thwarted both here—by the Dismissal Order—and in a new lawsuit in the U.S. District Court for the Central District of Illinois (the "Illinois Court")—by RLI pleading a potentially successful statute of limitations defense in its answer in that case. *Id.* at 10-12 (quoting 28 U.S.C. § 1631).[2]  Plaintiff also asserts that its claims against RLI are meritorious and warrant a determination on the merits and that RLI would not face any undue prejudice from the Court's granting the relief sought by Plaintiff. *See id.* at 12-15; *see also* Pl.'s Reply at 1-2.

RLI objects that Plaintiff could have raised these arguments, and particularly the request for transfer, both in opposing RLI's motion to dismiss for lack of personal jurisdiction and in its Motion for New Trial, but failed to do so either time.  *See* RLI's

---

[1] Plaintiff also cites Federal Rule of Civil Procedure 60(b)(6), despite arguing that the dismissal of the claims against RLI is not a "final . . . order."  Fed. R. Civ. P. 60(b)(6); *see* Pl.'s Mot. to Vacate at 5-7.  The Court has nevertheless considered Plaintiff's request under Rule 60(b)(6) and concludes that it would be denied pursuant to that Rule, as Plaintiff fails to show "exceptional circumstances" justifying relief.  *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007).

[2] The Court takes judicial notice that the new lawsuit is currently stayed and that no ruling has been issued in that case regarding RLI's statute of limitations defense. *See Brifen USA, Inc. v. RLI Ins. Co.*, No. 24-cv-01399 (C.D. Ill.).

Resp. at 3.  Therefore, according to RLI, Plaintiff is not entitled to have the Court's

Dismissal Order vacated in order to belatedly present that request.  *See id.* at 4-7.

The Court finds that RLI's objection is well taken.  Plaintiff could have, but did not,

seek transfer to the Illinois Court in the alternative to dismissal in opposing RLI's or

Briggs' motion to dismiss.  *See* Doc. Nos. 19, 20.  Plaintiff likewise was able to propose

such a transfer in its Motion for New Trial but chose not to do so.  *See* Doc. No. 43.  Plaintiff

asserts that the delay in making the request was due to counsel's "focus[]" on the Oklahoma

savings statute and that a potential time bar did not "bec[o]me relevant" until Plaintiff's

case against RLI in the Illinois Court had progressed.  Pl.'s Reply at 4.  These reasons do

not, separately or together, demonstrate that the transfer argument could not "have been

raised in prior briefing."  *Servants of the Paraclete*, 204 F.3d at 1012.  Nor does such a

strategic choice by Plaintiff evince any "clear error" by the Court in its ruling or show that

vacatur of the Dismissal Order "is necessary under the relevant circumstances" or to

prevent "manifest injustice."  *Id.*; *Mahoney*, 566 F. Supp. 3d at 25 (internal quotation marks

omitted).  Relief under Rule 54(b) is not warranted.

## CONCLUSION

For the reasons outlined herein, Plaintiff Brifen USA, Inc.'s Motion to Vacate (Doc.

No. 88) is DENIED.

Further, the Court finds "that there is no just reason for delay" of entry of final

judgment as to the March 29, 2024 dismissal of all claims against Defendant RLI Insurance

Company without prejudice (Doc. No. 32).  Fed. R. Civ. P. 54(b); *see Curtis-Wright Corp.*

*v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980).

IT IS THEREFORE ORDERED that a separate judgment of dismissal of these claims shall be entered.

IT IS SO ORDERED this 31st day of March, 2026.

_____
CHARLES B. GOODWIN
United States District Judge