# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BRIFEN USA, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No. CIV-22-200-G** |
| | ) |
| **BRIGGS BROTHERS ENTERPRISES** | ) |
| **CORPORATION et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>ORDER</u>

Now before the Court is a Motion to Enter Final Judgment (Doc. No. 105) filed by Plaintiff Brifen USA, Inc. No response was filed within the time allowed by local rule.

### I.     *Background*

Plaintiff initiated this diversity action on March 10, 2022, bringing claims against Defendant RLI Insurance Company ("RLI") and Defendant Briggs Brothers Enterprises Corporation ("Briggs"). On March 29, 2024, the Court dismissed all claims against RLI without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(2). *Brifen USA, Inc. v. Briggs Bros. Enters. Corp.*, No. CIV-22-200-G, 2026 WL 880392, at *1 (W.D. Okla. Mar. 31, 2026).

Plaintiff filed a motion for new trial, which the Court denied. *Id.* Plaintiff then moved the Court to vacate the dismissal and instead transfer Plaintiff's claims against RLI to another federal district court. *Id.* at *2. On March 31, 2026, the Court denied Plaintiff's motion and additionally held:

"[T]here is no just reason for delay" of entry of final judgment as to the March 29, 2024 dismissal of all claims against Defendant RLI Insurance Company without prejudice.  Fed. R. Civ. P. 54(b); *see Curtis[s]-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980).

IT IS THEREFORE ORDERED that a separate judgment of dismissal of these claims shall be entered.

*Id.* at *3.  That same date, the Court entered Judgment (Doc. 93) dismissing all claims against RLI and ordered that the case be administratively closed pending the completion of the bankruptcy action filed by Briggs.  *See* Admin. Closing Order (Doc. No. 94).

Plaintiff appealed the Judgment.  *See* Doc. No. 97.  On May 14, 2026, the Tenth Circuit issued an Order in the appeal concluding that the above-quoted certification under Federal Rule of Civil Procedure 54(b) "is not sufficient to confer appellate jurisdiction on this Court."  Tenth Cir. Order of May 14, 2026, at 2 (Doc. No. 104).

Plaintiff then filed in this Court the instant Motion to Enter Final Judgment, and the Tenth Circuit abated the appeal.  *See* Tenth Cir. Order of May 21, 2026 (Doc. No. 106).

II.    *Discussion*

Plaintiff now requests that the Court certify the Dismissal Order (Doc. No. 92) for appeal pursuant to Federal Rule of Civil Procedure 54(b).  *See* Pl.'s Mot. to Enter J. at 2-3.  In light of the Tenth Circuit's May 14, 2026 and May 21, 2026 Orders, which abated Plaintiff's appeal while Plaintiff sought a more detailed Rule 54(b) certification, the Court assumes that it has jurisdiction to consider and grant the relief requested.[1]

---

[1] Alternatively, this order may be considered as an indicative ruling insofar as the Tenth Circuit Court of Appeals concludes that Plaintiff's motion is barred but may be subject to remand to this Court for disposition.  *See* Fed. R. Civ. P. 62.1; Fed. R. App. P. 12.1(b).

2

"When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines there is no just reason for delay." Fed. R. Civ. P. 54(b).  The Court finds that such a final judgment should be entered and that the Dismissal Order should be certified for appeal pursuant to Rule 54(b), based upon the following considerations.

First, the Court concludes that the Dismissal Order, which denied Plaintiff's request to vacate the dismissal of all claims against RLI, is "final" as to Plaintiff's claims against RLI, because it is a decision on the merits "upon a cognizable claim for relief" and an "ultimate disposition" of that claim.  *Curtiss-Wright Corp.*, 446 U.S. at 7 (internal quotation marks omitted); *cf. Butler v. Daimler Trucks N. Am., LLC*, No. 19-CV-2377, 2021 WL 492427, at *2 & n.13 (D. Kan. Feb. 10, 2021) (citing cases holding that "an order dismissing a defendant for lack of personal jurisdiction is a final judgment for purposes of Rule 54(b) because it is an ultimate disposition of the claims against the dismissed defendant in the court issuing the order" (alteration and internal quotation marks omitted)).

Second, the Court finds there is "no just reason to delay review" of the Dismissal Order until the lifting of the automatic stay and any post-bankruptcy disposition of Plaintiff's claims against Briggs.  *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001).  In so finding, the Court notes that Plaintiff's breach of contract claims against

---

Pursuant to Rule 62.1 of the Federal Rules of Civil Procedure, the Court states that it would, in the event of remand, make the findings and enter the relief set forth herein.

RLI are factually and legally "separable" from the claims raised against Briggs. *Stockman's Water Co. v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005); *see* Pl.'s Mot. to Enter J. at 2-3. *Compare* Compl. ¶¶ 16-17, *with id.* ¶¶ 14-15. It therefore does not appear that the appellate court "would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp.*, 446 U.S. at 8. Further, Plaintiff credibly represents that it will be "substantially harmed" by a lengthy and uncertain delay in seeking relief against RLI. Pl.'s Mot. to Enter J. at 2-3; *see also Butler*, 2021 WL 492427, at *3 (citing *PYCA Indus., Inc. v. Harrison Cnty. Water Waste Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996)).

CONCLUSION

For these reasons, Plaintiff's Motion to Enter Judgment (Doc. No. 105) is GRANTED. Pursuant to Federal Rule of Civil Procedure 54(b), the Court DIRECTS ENTRY OF A FINAL JUDGMENT reflecting this Court's March 29, 2024 dismissal without prejudice of all claims asserted by Plaintiff Brifen USA, Inc. against Defendant RLI Insurance Company, as well as the Court's denial of Plaintiff's motion for new trial and motion to vacate that dismissal.

IT IS SO ORDERED this 12th day of June, 2026.

CHARLES B. GOODWIN
United States District Judge